# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

QUIXTAR INC.,

      Petitioner,

v.

CHRIS BRADY, *et al.*,

      Respondents.

Case No. 08-14346

Hon. Gerald E. Rosen

_____/

QUIXTAR INC.,

      Petitioner,

v.

BILLY FLORENCE, *et al.*,

      Respondents.

Case No. 08-14347

Hon. Gerald E. Rosen

_____/

## ORDER DENYING RESPONDENTS' MOTION FOR STAY PENDING APPEAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   December 29, 2008

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

In an opinion and accompanying order dated December 17, 2008, the Court determined that it should not entertain an interlocutory appeal from the rulings in an ongoing arbitration proceeding in which the parties have been participating since August

of 2007, and it ordered the Respondents in the two above-captioned cases to resume their participation in this arbitration proceeding. Respondents have appealed these rulings, and request through the present motion that the Court stay its December 17 order for Respondents to return to arbitration until the Sixth Circuit has ruled on their appeal. For the reasons stated briefly below, the Court declines to grant this relief.

As Respondents observe, the Court is authorized under Fed. R. Civ. P. 62(c) to stay an award of injunctive relief pending appeal. In deciding whether to do so, the Court considers, among other factors, whether Respondents have "made a strong showing that [they are] likely to succeed on the merits" of their appeal. *Simon Property Group, Inc. v. Taubman Centers, Inc.,* 262 F. Supp.2d 794, 797 (E.D. Mich. 2003). In these cases, the likelihood of Respondents' success on appeal turns principally upon the viability of their arguments on the issue that was dispositive to the Court's December 17 ruling — namely, whether a court should engage in interlocutory review of an arbitrator's decision on the question of arbitrability, once the parties have submitted this question for the arbitrator's determination.

As was the case with their submissions prior to the Court's December 17 ruling, Respondents largely fail to address this central issue in their present motion. In a single paragraph at page 9 of the brief in support of their motion, Respondents contend that one of the cases relied upon by the Court, *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411 (2d Cir. 1980), is factually and legally distinguishable in certain respects. Even accepting that these distinctions are legally significant, Respondents do not take issue

with the overarching principle recognized in *Michaels* and the case law generally — namely, that courts generally lack the authority to review an arbitrator's interim decision, but instead should defer such review until the arbitrator has made a final award.  Beyond their brief discussion of *Michaels,* Respondents have not provided any affirmative authority whatsoever in support of their attempt to circumvent this usual rule and secure an immediate judicial pronouncement on an issue that has been submitted for the arbitrator's determination in an ongoing arbitration proceeding.  It follows that they have not established a likelihood of success on appeal.

The remaining factors also militate against a stay of the Court's December 17 order pending appeal.  Respondents can hardly claim an irreparable injury arising from an order to return to an arbitration proceeding in which they participated for nearly a year before seeking judicial intervention by a Georgia state court.  In contrast, a stay of the Court's December 17 order would result in harm to Petitioner and to the public interest, as it would further prolong an already-protracted arbitration proceeding.  The whole point of the Court's December 17 ruling was that the parties, having invested considerable time and resources in the arbitration proceedings, should see this process through to an (ideally) expeditious end, and only then seek judicial review of the arbitrator's various rulings.  A stay of December 17 order pending appeal would significantly undermine, if not altogether defeat, the purpose of the Court's ruling, and thus will not be granted.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Respondents' December

3

19, 2008 motion for stay pending appeal (docket #76 in Case No. 08-14346, docket #75 in Case No. 08-14347) is DENIED.

                                      s/Gerald E. Rosen
                                      Gerald E. Rosen
                                      United States District Judge

Dated:  December 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2008, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager